**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| William Apostelos, | ) | CASE NO. 4:20 CV 962 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden Mark Williams, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon respondent's Motion for Summary Judgment (Doc. 4). For the following reasons, the motion is GRANTED.

**Facts**

Petitioner William Apostelos, who is confined at FCI Elkton, filed his Emergency Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 against Warden Mark Williams and Michael Carvajal, Federal Bureau of Prisons Director. Petitioner claims that FCI Elkton has violated the conditions of his confinement by requiring him to serve 50% of his term of incarceration before being eligible for home confinement, which he alleges is a change in the

1

Federal Bureau of Prisons' (BOP) policy. He also alleges that his good-time credit (GTC) has been miscalculated.

This matter is now before the Court upon respondent Mark Williams's Motion for Summary Judgment.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993). The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*

2

*v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

Respondent argues that petitioner has failed to exhaust his administrative remedies and that his claims fail on the merits. For the following reasons, this Court agrees.

**(1) Exhaustion**

"It is well settled in the Sixth Circuit that before a prisoner may seek habeas corpus relief under § 2241, he must first exhaust his administrative remedies." *Bronson v. Carvaljal*, 2020 WL 2104542, at *2 (N.D. Ohio May 1, 2020) (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)). The exhaustion requirement for § 2241 "serves the laudable goals of (1) protecting 'administrative agency authority,' by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, preserving both judicial resources and administrative autonomy; and (2) promoting efficiency because '[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court.'" *Id.* (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). "Complete exhaustion

of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit." *United States v.* Singh, 52 Fed.Appx. 711 (6th Cir. 2002) (citing United *States v. Westmoreland*, 974 F.2d 736, 737–38 (6th Cir.1992)).

Respondent presents evidence that a review of the BOP's records database, "Sentry," shows that petitioner has not filed a request for administrative remedy concerning any issue at all, let alone the issues he raises in the instant Petition. (Doc. 4 Ex. A, Robin Summers Decl. at ¶ 6.) Petitioner bears the burden of showing that he has exhausted the administrative process by timely completing all of the steps set forth in the Code of Federal Regulations. *Prather v. Rees*, 822 F.2d 1418, 1420, n.3 (6th Cir. 1987) (The petitioner bears the burden of establishing exhaustion.).

Petitioner points out that he did send an Inmate Request to Staff. (Doc. 2 Ex. A). This request was denied. (*Id.*). Petitioner, however, fails to show that he appealed the denial so as to fully exhaust his available administrative remedies. (*See* 28 C.F.R. §§ 542.13-15). Nonetheless, this request only addressed the issue of home confinement. There is no evidence that petitioner attempted to exhaust his administrative remedies with respect to his claim regarding the calculation of his good-time credit.

For these reasons, petitioner failed to exhaust his administrative remedies.

**(2) Merits**

Even assuming he had exhausted, respondent demonstrates that plaintiff's two claims fail on the merits. As to his first claim, respondent shows that petitioner requested to be placed on home confinement but that was denied on April 20, 2020. (Summers decl. ¶ 7) . As explained by respondent, BOP policy was not changed by memoranda issued by the attorney general. (Doc. 4

at 4). Rather, the applicable statute requires that home confinement cannot exceed six months or 10% of the inmate's term of imprisonment, whichever is shorter, i.e., an inmate typically must serve 90% of his sentence before qualifying for home confinement. 18 U.S.C. § 3624(c)(2). Respondent presents evidence that petitioner has only served approximately 23% of his full sentence. (Summers decl. ¶ 8, Ex. A). Therefore, he fails to meet the applicable threshold for consideration. Regardless, the BOP's authority is discretionary.

As to petitioner's second claim regarding the calculation of his good time credits, it is, again, his burden to show that the BOP calculation is erroneous. *Garcia v. Pugh*, 2013 WL 5756310 (N.D. Ohio 2013). He fails to do so. Rather, respondent presents evidence that petitioner is receiving his good time credit toward his federal sentence. (Summers decl. ¶¶2, 4, Ex. A). Petitioner's response to respondent's motion largely addresses his health concerns and the prison's alleged inadequate response to those concerns but does not demonstrate that his good time credits have been miscalculated.

**Conclusion**

For these reasons, relief is not warranted under 28 U.S.C. § 2241 and respondent is entitled to summary judgment.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Dated; 2/4/21                    Chief Judge